UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Aryee Henderson, #237887, | ) | C/A No. 4:16-947-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| **Ronaldo D. Myers**, *Director*, | ) | |
| **Dr. Randolph**, *Medical Physician*, | ) | |
| **Mr. Drew**, *Mental Health Counselor*, | ) | |
| **Lt. Sligh**, *Disciplinary Hearing Officer & Grievance Coordinator*, | ) | |
| **Sgt. Jackson**, *Supervisor Over Intake/Booking*, | ) | |
| **Lt. Seward**, *Corrections Officer*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by a pretrial detainee, who, according to Plaintiff, is now imprisoned and serving a twenty-five year sentence. (ECF No. 30). Plaintiff has filed a motion for an injunction to mandate the South Carolina Department of Corrections (SCDC) to supply him with envelopes and paper.

It is recommended that Plaintiff's Motion be denied. A preliminary injunction is "an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). To obtain a preliminary injunction, a movant must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest" *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir.1994). Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The

courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Plaintiff has failed to allege that he meets all four elements under the *Winter* standard. Additionally, Plaintiff does not address any type of prejudice to the SCDC, or to the public interest that might result should his request for an injunction be granted. He does not suggest compelling circumstances why this Court should step in at this time and place mandates on prison officials. As a result, it is clear that Plaintiff's Motion is insufficient to require an order for injunctive relief. Accordingly, it is recommended that Plaintiff's motion for an injunction (ECF No. 29) be DENIED.

## RECOMMENDATION

For the reasons stated herein, it is RECOMMENDED that Plaintiff's Motion for an injunction (ECF No. 29) be DENIED.

September 9, 2016  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**The Plaintiff's attention is directed to the Notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).