UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aryee Henderson, #237887, ) | C/A No. 4:16-947-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| **Ronaldo D. Myers**, *Director*, ) | |
| **Dr. Randolph**, *Medical Physician*, ) | |
| **Mr. Drew**, *Mental Health Counselor*, ) | |
| **Lt. Sligh**, *Disciplinary Hearing Officer & Grievance* ) | |
| *Coordinator*, ) | |
| **Sgt. Jackson**, *Supervisor Over Intake/Booking*, ) | |
| **Lt. Seward**, *Corrections Officer*, ) | |
| **C/O Holmes**, *Prison Guard*, ) | |
| **C/O Artis**, *Prison Guard*, ) | |
| **C/O Brown,** *Prison Guard*, ) | |
| **C/O Hayes**, *Prison Guard*, ) | |
| **Sgt. Smalldone**, *Prison Guard*, ) | |
| **Capt. Higgins**, *Prison Guard*, ) | |
| **C/O Walker,** *Prison Guard*, ) | |
| **Ms. Scarborough**, *Food Service Supervisor*, ) | |
| **Sgt. Truesdale**, *Supervisor over Intake/Booking*, ) | |
| **Sgt. Jenkins**, *Prison Guard*, ) | |
| **Sgt. Monroe**, *Prison Guard*, ) | |
| **E. Starling**, *Disciplinary Hearing Officer &* ) | |
| *Grievance Coordinator*, ) | |
| **Ms. Richburg**, *Food Service Supervisor*, ) | |
| **Ms. Janice**, *Food Service Supervisor*, ) | |
| **Ms. Kinard**, *Food Service Supervisor*, ) | |
| **John Rhodes Bailey, Esq.**, *Attorney*, ) | |
| ) | |
| Defendants. ) | |

This is a civil action filed by a pretrial detainee, who, according to Plaintiff, is now imprisoned and serving a twenty-five year sentence. (ECF No. 30). Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and

recommendations to the district court.  *See* 28 U.S.C. § 1915(e).

## BACKGROUND

This court has issued three prior orders to Plaintiff and Plaintiff's case is now in proper form as to all twenty-two defendants.  The Plaintiff filed this action under 42 U.S.C. § 1983, alleging a variety of claims regarding medical treatment, conditions of confinement, personal property deprivation, legal documents, grievance procedures, food inadequacy, and supervisory liability.  The specific allegations to each specific Defendant are discussed below.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.

*Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 " is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

**1.   Defendant John Rhodes Bailey, Esq.**

Plaintiff alleges that Defendant Bailey signed out all of Plaintiff's legal documents and did not mail them back and that Bailey "forced [Plaintiff] to plead guilty because his actions prevented [Plaintiff] from preparing for trial." Under § 1983, a plaintiff must allege that a constitutional violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Bailey was and is a public defender. Public defenders are not acting "under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981). Plaintiff fails to state a cognizable claim under § 1983 and summary dismissal of Defendant Bailey is recommended.

**2.   Defendants Brown, Sligh, and Starling**

Plaintiff alleges that he never received responses back from grievances that he gave to Brown

and that Starling and Sligh failed to process grievances.[1]  "[T]here is no constitutional right to participate in grievance proceedings."  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Thus, it is recommended that any claims against Defendants Brown, Sligh, and Starling be summarily dismissed for failure to state a claim for relief.

### 3.  Defendant Walker

Plaintiff alleges that Defendant Walker told another inmate not to send Plaintiff that inmate's legal documents.  Plaintiff alleges no actual injury or constitutional violation.  Plaintiff has not pleaded facts to state a plausible claim for relief and this court is not required to construct Plaintiff's arguments for him.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990).  Thus, summary dismissal of Defendant Walker is recommended.

### 4.  Defendants Jackson, Higgins, Truesdale, and Seward

Plaintiff alleges that Defendant Jackson "refused to give me my legal documents and mail from out of my personal property."  Plaintiff alleges that Defendant Higgins "denied me receiving my legal documents and mail."  Plaintiff alleges that Defendant Truesdale on November 4, 2015, confiscated his legal documents and mail that he had with him from Lee Correctional Institution.  Plaintiff alleges that Defendant Seward disposed of his baby oil that he had bought from the prison

---

[1] Plaintiff's allegations, however, may have some significance when considering exhaustion.  Only available remedies are required to be exhausted.  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  If a prisoner through no fault of his own was prevented from availing himself of the grievance procedure, then the administrative remedies would be considered unavailable to him.  *See id.*  However, a failure to exhaust available administrative remedies is not a jurisdictional requirement and prisoners are not required to plead exhaustion or bear the burden of proof on exhaustion.  *Id.*  At this juncture, a failure to exhaust is not evident on the face of the pleadings and it is not necessary to address it further *sua sponte*.

5

canteen.[2]

Deprivations of a prisoner's property by state employees are not actionable under § 1983 and do not offend due process when adequate post-deprivation state remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15–78–10 et seq. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir.2008) (State courts are available for property claims and the State process is constitutionally adequate). Thus, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property, and the undersigned recommends summary dismissal of these Defendants Jackson, Higgins, Truesdale, and Seward.

**5.  Defendants Holmes, Artis, and Hayes**

Plaintiff alleges that Defendants Holmes, Artis, and Hayes wrote him up for committing a disciplinary infraction and refused to help him get legal documents. Plaintiff alleges no injury from the "write-up." Plaintiff has not pleaded facts to state a plausible claim for relief and this court is not required to construct Plaintiff's arguments for him. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990). Thus, summary dismissal of Defendants Holmes, Artis, and Hayes is

---

[2] Plaintiff does not allege a denial of access to courts. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. The actual injury requirement for a denial of access claim can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Here, even giving liberal construction to the complaint, Plaintiff has stated no plausible claim for denial of access because he has not alleged that a non-frivolous legal claim was frustrated or impeded by the deprivation of his legal documents when he was transferred between institutions/classifications.

recommended.

**6.   Defendant Jenkins**

Plaintiff alleges that Defendant Jenkins authorized the transfer of Plaintiff to SHU due to Plaintiff committing a disciplinary infraction and would not help Plaintiff get his legal documents. As to claims regarding the legal documents, the court has already addressed the issue herein and Plaintiff does not state a claim upon which relief can be granted in this court.

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, and the choices of where and how to confine Plaintiff are a determination made by the correctional system and not the courts. *See Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). An inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983). Therefore, Plaintiff has failed to state a claim of constitutional magnitude as to his claims against Defendant Jenkins and summary dismissal is recommended.

**7.   Defendant Drew**

Plaintiff alleges that Defendant Drew "has been denying me mental health counseling and treatment." (ECF No. 38 at 10). Plaintiff alleges that in November 2015 he asked Drew to speak with him, that he needed help. Plaintiff alleges Drew responded saying he would come back and speak with Plaintiff, but never returned. Claims regarding mental health treatment fall under a claim for deliberate indifference to medical care. *See Williams v. Branker*, 462 Fed. Appx. 348, 353-54 (4th Cir. 2012). "For an allegation of inadequate medical care to support an Eight Amendment claim

7

there must be neglect of serious medical needs." *Id.* (internal citation and quotation omitted). The first element of deliberate indifference to medical care under the Eight Amendment "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff has not alleged any serious medical condition by alleging that he asked for help and Defendant Drew did not speak with him. Thus, it is recommended that any claims against Defendant Drew be summarily dismissed without issuance and service of process for failure to state a claim for relief.

## 8.   Defendant Randolph

Plaintiff alleges that Defendant Randolph "denied me medical treatment for excessive dry skin and severe rash outbreaks on my upper chest, neck, face, and forehead." (ECF No. 38 at 10). Plaintiff alleges that the resulting injuries were "itching, discoloration of skin tone, skin peeling, anxiety, despair, lack of sleep, and mental anguish."

A claim for deliberate indifference to medical care arises from the Eight Amendment. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Plaintiff must show that officials acted with deliberate indifference to the prisoner's serious medical needs. *Id.*(citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Plaintiff makes sufficient factual allegations against Defendant Randolph to survive summary dismissal. Thus, the service of Defendant Randolph is recommended, through a separately docketed order.

## 9.   Defendants Scarborough, Richburg, Janice, and Kinard

Plaintiff alleges that Defendants Scarborough, Richburg, Janice, and Kinard "served me trays with very tiny, small food portions," "denied me coffee and juice every morning and baked chicken," and "served oatmeal five days a week which contained no sugar, flavor, or taste." (ECF No. 38 at

8).  Plaintiff alleges that his injuries from the food allegations are "tremendous weight loss, weakness, constant hunger pains, headaches, poor health, lack of sleep, anxiety, humiliation, emotional distress, and mental anguish."  (ECF No. 38 at 14).

Pretrial detainee's § 1983 actions are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Pretrial detainees' claims of conditions of confinement were evaluated with reference to case law regarding convicted prisoners by the Supreme Court. *Bell*, 441 U.S. 520, 545-48.  Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870. Not every inconvenience encountered rises to the level of "punishment" from a constitutional standpoint.  *Id.*  "To establish that a particular condition or restriction of his confinement is constitutionally impermissible "punishment," the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.*

An inmate may set out a conditions of confinement claim by alleging that he was deprived of a basic human need which was objectively sufficiently serious and that subjectively, prison officials acted with a sufficiently culpable state of mind to expose him to those conditions. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993).  Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being

9

of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985). The lack of flavorful oatmeal or Plaintiff's specific choice of beverage and meal simply does not rise to the level of a constitutional violation. *See Bell v. Wolfish*, 441 U.S. 520, 546 (1979)( "A detainee simply does not possess the full range of freedoms of an unincarcerated individual.") However, Plaintiff states sufficient facts to survive summary dismissal on initial review regarding the amount of food provided to him and his alleged injury of "tremendous weight loss." Therefore, the undersigned recommends service of Defendants Scarborough, Richburg, Janice, and Kinard, by separately docketed order, on this claim only.

**10. Defendant Smalldone**

Plaintiff alleges that Defendant Smalldone "keeps the industrial fan on all day and night" and the "air conditioner is blowing wide open 365 days a year." Plaintiff states "there was no running hot water in cell #46 in which I was placed on Administrative Hold." As injuries, Plaintiff lists "constant runny nose, depression, anxiety, severe dry skin, restlessness, lack of energy, emotional distress, humiliation, and mental anguish." Plaintiff makes sufficient factual allegations as to a conditions of confinement claim against Defendant Smalldone to survive summary dismissal. Thus, the service of Defendant Smalldone is recommended, through a separately docketed order.

**11. Defendants Myers and Monroe**

Plaintiff alleges that Defendant Myers is responsible for the actions of all staff, allowed food service to serve small portions, allowed medical staff to deny him care, allowed SHU staff to subject him to extreme cold, allowed staff not to process grievances, and Plaintiff never saw him make any rounds to check on detainees.

Generally, vicarious liability or respondeat superior is not available to a § 1983 plaintiff as

a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,";  and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). To satisfy the first element, Plaintiff must show: "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Shaw*, 13 F.3d at 799. Deliberate indifference of a supervisor is demonstrated by "continued inaction in the face of documented widespread abuses." *Slakan*, 737 F.2d at 373.

The instant Complaint provides no facts to demonstrate that Defendant Myers was aware of or deliberately indifferent to any constitutional risk of injury to Plaintiff. Plaintiff has not adequately pleaded facts for the supervisory liability exception. Plaintiff has made no particular allegations of any knowledge, personal or subjective, on Defendant Myer's part of the facts in his complaint. The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (an official's failure to alleviate a significant risk that he did

not perceive cannot be condemned as the infliction of punishment). Defendant Myers cannot be held liable simply based on his oversight of all employees.

Plaintiff fails to state a claim for which relief can be granted. The Complaint does not indicate any personal involvement by Defendant Myers and does not allege facts to meet the supervisory liability exception. Thus, summary dismissal of Defendant Myers is recommended.

The extent of Plaintiff's allegations against Defendant Monroe is that Monroe was the supervisor of SHU and that he subjected Plaintiff to inhumane living conditions and failed to assist in the retrieval of his legal documents. The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n.10. There are not sufficient factual allegations against Defendant Monroe to state a claim upon which relief can be granted. Thus, summary dismissal of Defendant Monroe is recommended.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28

U.S.C. § 1915(e)(2)(B). As noted above, it is recommended that Defendants Bailey, Brown, Sligh, Starling, Walker, Jackson, Higgins, Truesdale, Seward, Jenkins, Drew, Homes, Artis, Hayes, Myers, and Monroe be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Randolph, Smalldone, Scarborough, Richburg, Janice, and Kinard.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 29, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).