IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aryee Henderson, #237887, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:16-947-BHH-TER |
| ) | |
| Ronaldo D. Myers, *Director*, ) | |
| Dr. Randolph, *Medical Physician*, ) | |
| Mr. Drew, *Mental Health Counselor*, ) | |
| Lt. Sligh, *Disciplinary Hearing Officer &* ) | **ORDER** |
| *Grievance Coordinator*, ) | |
| Sgt. Jackson, *Supervisor over* ) | |
| *Intake/Booking*, ) | |
| Lt. Seward, *Corrections Officer*, ) | |
| C/O Holmes, *Prison Guard*, ) | |
| C/O Artis, *Prison Guard*, ) | |
| C/O Brown, *Prison Guard*, ) | |
| C/O Hayes, *Prison Guard*, ) | |
| Sgt. Smalldone, *Prison Guard*, ) | |
| Capt. Higgins, *Prison Guard*, ) | |
| C/O Walker, *Prison Guard*, ) | |
| Ms. Scarborough, *Food Service* ) | |
| *Supervisor*, ) | |
| Sgt. Truesdale, *Supervisor over* ) | |
| *Intake/Booking*, ) | |
| Sgt. Jenkins, *Prison Guard*, ) | |
| Sgt. Monroe, *Prison Guard*, ) | |
| E. Starling, *Disciplinary Hearing Officer* ) | |
| *& Grievance Coordinator*, ) | |
| Ms. Richburg, *Food Service Supervisor*, ) | |
| Ms. Janice, *Food Service Supervisor*, ) | |
| Ms. Kinard, *Food Service Supervisor*, ) | |
| John Rhodes Bailey, Esq., *Attorney*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pre-trial detainee, names 22 Defendants and alleges various claims regarding, among other things, his medical treatment, the

conditions of his confinement, the alleged deprivation of his personal property, and the quality of the food.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On September 29, 2016, Magistrate Judge Thomas E. Rogers, III, issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court summarily dismiss the following Defendants without issuance and service of process: Bailey, Brown, Sligh, Starling, Walker, Jackson, Higgins, Truesdale, Seward, Jenkins, Drew, Holmes, Artis, Hayes, Myers, and Monroe.[1]

Specifically, in his Report, the Magistrate Judge determined that Defendant Bailey, who acted as Plaintiff's public defender, was not acting under color of state law and therefore is not amenable to suit under § 1983. Next, the Magistrate Judge determined that Plaintiff failed to state a constitutional claim against Defendants Brown, Sligh, and Starling because there is no constitutional right to participate in grievance proceedings. As to Defendant Walker, the Magistrate Judge found that Plaintiff failed to allege an actual injury or constitutional violation. Likewise, as to Plaintiff's claim that Defendants Jackson, Higgins, Truesdale, and Seward deprived him of his personal property, the Magistrate Judge found that Plaintiff's claim is not actionable under § 1983 because Plaintiff has an adequate state-court remedy under the South Carolina Tort Claims Act. With regard to Defendants Holmes, Artis, and Hayes, the Magistrate Judge found that Plaintiff failed to plead facts to state a plausible claim for relief insofar as Plaintiff's complaint alleges only

---

[1] In a separately filed order, the Magistrate Judge authorized the issuance and service of process on the remaining Defendants: Randolph, Smalldone, Scarborough, Richburg, Janice, and Kinard.

2

that these Defendants wrote him up for committing a disciplinary infraction and alleges no resulting injury. As to Defendant Jenkins, whom Plaintiff claims authorized Plaintiff's transfer to a special housing unit, the Magistrate Judge noted that prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement.

The Magistrate Judge next determined that Plaintiff failed to allege sufficient facts to state a claim for deliberate indifference to serious medical needs as to Defendant Drew. In contrast, the Magistrate Judge determined that Plaintiff did allege sufficient facts to state a claim for deliberate indifference against Defendant Randolph. The Magistrate Judge also found that Plaintiff alleged sufficient facts to survive summary dismissal as to Defendants Scarborough, Richburg, Janice, and Kinard, whom Plaintiff alleges failed to provide him with sufficient food, thereby causing him to suffer "tremendous weight loss." The Magistrate Judge also found that Plaintiff alleged sufficient facts to survive summary dismissal with regard to Defendant Smallbone, whom Plaintiff blames for certain conditions of confinement, including cold temperatures and a lack of hot water, which allegedly caused Plaintiff to suffer physical and mental injuries. Lastly, the Magistrate Judge determined that Plaintiff failed to allege sufficient facts to hold Defendants Myers and Monroe vicariously liable for the alleged actions of all of the staff at the detention center.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

3

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff filed written objections to the Magistrate Judge's Report. Importantly, however, nowhere in his objections does Plaintiff respond to the Magistrate Judge's recommendation that the Court dismiss Defendants Holmes, Artis, Hayes, Jenkins, Drew, and Monroe. After careful review, the Court finds that the Magistrate Judge applied the correct legal principles, and the Court agrees with the Magistrate Judge's findings and recommendations and summarily dismisses these Defendants based on Plaintiff's failure to state a cognizable § 1983 claim against them.

Next, however, Plaintiff does specifically object to the Magistrate Judge's findings with respect to Defendants Bailey, Brown, Sligh, Starling, Walker, Jackson, Higgins, Truesdale, Seward, and Myers. First, Plaintiff asserts that the Court should not dismiss Defendant Bailey, who acted as Plaintiff's public defender, because Bailey was acting under color of state law. Importantly, however, as the Magistrate Judge noted, an attorney–whether retained, court-appointed, or a public defender–does not act under color of state law and is therefore not amenable to suit pursuant to 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, the Court notes that to the extent that Plaintiff's claims against Bailey call into question the validity of Plaintiff's

4

conviction, the claims are barred pursuant to *Heck v. Humphrey* because Plaintiff has not shown that his conviction or sentence has been overturned on direct appeal or otherwise been declared invalid. 512 U.S. 477 (1994).  Accordingly, the Court overrules Plaintiff's objection and summarily dismisses Defendant Bailey.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss Defendants Brown, Sligh, and Starling.  Specifically, Plaintiff reiterates his claim that these Defendants failed to properly handle his mail and process his grievances.  However, as the Magistrate Judge noted, Plaintiff has not alleged facts to state a constitutional claim, as there is no constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  As such, the Court overrules Plaintiff's objection and summarily dismisses Defendants Brown, Sligh, and Starling.

As to Defendant Walker, Plaintiff objects and asserts that Walker acted with malice and intent to harm Plaintiff when Walker told another inmate not to send Plaintiff that inmate's legal documents.  As the Magistrate Judge noted, however, Plaintiff has not alleged an actual injury or constitutional violation, and it is not the Court's responsibility to construct Plaintiff's arguments.  Accordingly, the Court overrules Plaintiff's objections and summarily dismisses Defendant Walker.

With regard to Defendants Jackson, Higgins, Truesdale, and Seward, Plaintiff objects to their dismissal and contends that they are liable because they are the supervisors over intake/booking and they failed to give him access to his legal documents and personal property.  Even so, the Court agrees with the Magistrate Judge that Plaintiff's claim related to lost or destroyed property does not amount to a constitutional due process claim under § 1983 because Plaintiff has an adequate state-court remedy under the South

5

Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 through 15-78-220.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008).  As such, the Court overrules Plaintiff's objections and summarily dismisses Defendants Jackson, Higgins, Truesdale, and Seward.

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss Defendant Myers.  Specifically, Plaintiff contends that Myers is responsible for all of the staff employed at the detention center and that Myers is charged with knowledge of the activities involving Plaintiff.  Importantly, as the Magistrate Judge noted, vicarious liability or liability under the theory of *respondeat superior* is generally not available to a § 1983 plaintiff.  The exception to this rule occurs when the facts alleged show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).  After review, the Court agrees with the Magistrate Judge that other than Plaintiff's conclusory assertion that Myers is liable for the actions of all staff members at the detention center, Plaintiff has not alleged sufficient facts to demonstrate that Myers had actual or constructive knowledge of a pervasive or unreasonable risk of *constitutional* injury to Plaintiff; therefore, the Court agrees with the Magistrate Judge that the supervisory liability exception does not apply and Defendant Myers is entitled to summary dismissal.

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 42) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 47) are overruled; and Defendants Bailey, Brown, Sligh, Starling, Walker, Jackson, Higgins, Truesdale, Seward, Jenkins, Drew, Holmes, Artis, Hayes, Myers, and Monroe are summarily dismissed without issuance and service of process. This matter shall proceed at this time as to Defendants Randolph, Smalldone, Scarborough, Richburg, Janice, and Kinard.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 4, 2016
Charleston, South Carolina