UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ARYEE HENDERSON, | Civil Action No.: 4:16-cv-0947-BHH-TER |
| Plaintiff, | |
| -vs- | **ORDER** |
| DR. LILLY RANDOLPH, MEDICAL PHYSICIAN; SGT. SMALDONE, PRISON GUARD; MS. SCARBOROUGH, FOOD SERVICE SUPERVISOR; MS. RICHBURG, FOOD SERVICE SUPERVISOR; MS. JANICE, FOOD SERVICE SUPERVISOR; MS. KINARD, FOOD SERVICE SUPERVISOR; | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights with respect to his conditions of confinement and his medical needs. Presently before the court are Plaintiff's Motion for Funds to Hire Expert Witnesses (Document # 90), Motion for and Order Compelling Discovery (Document # 96), and Motion to Enlarge Time (Document # 120). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his Motion for Funds to Hire Expert Witnesses, Plaintiff, who is currently incarcerated within the South Carolina Department of Corrections (SCDC), asserts that he needs a private investigator to locate witnesses, obtain affidavits and discovery materials and aid him in choosing expert witnesses, a dermatologist or outside certified physician to testify concerning skin conditions,

a dietician, nutritionist, or food service specialist to testify pertaining to the quality and quantity of food, and an independent outside maintenance specialist to inspect the special housing unit and testify regarding the living conditions within. Plaintiff points to no authority for his request.

The court does not appoint experts to plaintiffs in civil cases. See Ford v. Ozmint, 2014 WL 1093106, *3 (D.S.C. March 18, 2014) (citing Boring v. Kazakiewicz, 833 F.2d 468 (3d Cir. 1987) (rejecting an indigent civil litigant's argument that the district court erred in refusing to have the government pay for an expert medical witness)). The undersigned sees no reason why this same analysis would not apply to private investigators as well.[1] Although Plaintiff was granted informa pauperis status, 28 U.S.C. § 1915 provides only for the waiver of fees and costs, with no such provision for the payment of any other litigation expense, including funding for expert witnesses. See Tabron v. Grace, 6 F.3d 148 (3d Cir. 1993). Accordingly, Plaintiff's Motion is denied.

In his Motion to Compel, Plaintiff seeks an order compelling Defendants to respond to the interrogatories and requests for production that he served on them on December 28, 2016. He does not provide a copy of these discovery requests or proof of the date of service. In his Response (Document # 99), counsel for Defendant Smaldone attaches a copy of the envelope containing the discovery requests, revealing a postmark date of January 9, 2017. He states that he served Defendant Smaldone's responses to Plaintiff's requests on February 9 and 13, 2017. Counsel for Defendant Randolph asserts in her Response (Document # 100) that she never received Plaintiff's discovery requests and believes that Plaintiff only served the requests on her co-defendant. Plaintiff filed a Reply (Document # 110) on April 6, 2017, indicating that he re-sent the discovery requests to

---

[1] As noted by Defendant Randolph in her Response (Document # 97), Plaintiff's request for a private investigator appears to be a second shot at appointment of counsel in that the services he seeks from a private investigator are the types of services an attorney would normally provide.

Defendant Randolph on March 27, 2017, and asks that the court hold his Motion to Compel in abeyance until Defendant Randolph responds to the requests. He does not address the discovery responses from Defendant Smaldone. The status of these discovery requests is further addressed in Plaintiff's Motion for Extension of Time (Document # 120).

In that motion, Plaintiff seeks an extension of time to respond to Defendants' motions for summary judgment and an order compelling Defendants to respond to his discovery requests. There he states that he received only a few documents for inspection from Defendant Smaldone, but does not assert which documents he requested that were not produced. In his Reply (Document # 127), Plaintiff includes an affidavit in which he states only that "Defendant Sgt. Smalldone did not send me all of the requested discovery documents." Without specific objections to Defendant's responses, the court cannot determine whether they were proper.[2] Thus, Plaintiff's motion to compel with respect to Defendant Smaldone is denied.

Plaintiff also asserts that Defendant Randolph has produced no documents. Counsel for Defendant Randolph argues that discovery under the scheduling order closed on February 7, 2017, and Plaintiff did not serve any requests on her until March 28, 2017. Thus, Defendant Randolph responded to Plaintiff's requests by objecting to them as untimely (Document # 123-2).

Because Defendant Smaldone responded to Plaintiff's discovery requests and Plaintiff has failed to provide specific objections to those requests and because Plaintiff's discovery requests to Defendant Randolph were not timely served, Plaintiff's Motion to Compel (as supplemented by his Motion for Extension of Time) is denied. His Motion for Extension of Time is granted and he shall

---

[2]Defendant Smaldone produced a copy of the Certificate of Service indicating that the documents were mailed to Plaintiff on February 13, 2017, (Document # 121-2) and the Bates Index of his discovery responses (Document # 121-3), indicating that he produced 893 pages of discovery to Plaintiff.

have twenty days from the date of this Order to file his responses to Defendants' Motions for Summary Judgment.

In sum, Plaintiff's Motion for Funds to Hire Expert Witnesses (Document # 90) is **DENIED**, Motion for and Order Compelling Discovery (Document # 96) is **DENIED**, and Motion to Enlarge Time (Document # 120) is **GRANTED**.  **Plaintiff shall respond to Defendants' Motions for Summary Judgment (Documents # 114, 115) within twenty days of the date of this Order.**

**IT IS SO ORDERED.**

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 1, 2017
Florence, South Carolina